### CRANTZ v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

1. STREET RAILROADS (§ 117*)—INJURY TO TRAVELER ON STREET—CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries to one in a wagon hit by defendant's street car from the rear, plaintiff's contributory negligence *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

2. STREET RAILROADS (§ 117*)—INJURY TO PERSONS ON STREET—EVIDENCE.

In an action for personal injuries to one whose wagon was struck by defendant's car, from the rear in the early morning hours, defendant's negligence *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. STREET RAILROADS (§ 81*)—CONTROL OF CARS—STREET INTERSECTIONS.

A street railroad owes the duty to have its cars in reasonable control near street intersections.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 172–177; Dec. Dig. § 81.*]

4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—SCENE OF ACCIDENT—ATMOSPHERIC CONDITIONS.

Testimony of one within four blocks of the scene of an accident, which happened at a very early hour, as to atmospheric conditions and how far he could see at the time was not prejudicial, where the complaining party introduced testimony of the weather bureau, which was a much greater distance away. .

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

5. TRIAL (§ 33*)—RECEPTION OF EVIDENCE—RULES OF EVIDENCE.

The rules of evidence must not be refined to a point where they cease to be practical.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 85, 86; Dec. Dig. § 33.*]

6. DAMAGES (§ 131*)—EXCESSIVE DAMAGES.

Where plaintiff had his collar bone broken and sustained various lacerations and contusions, which confined him to the hospital from August 17th to September 12th, and which interfered with his work until October 24th, and at the time of the trial in April he complained of slight difficulties, but there was no evidence of any permanent injury, and he showed a loss of earning power of $16 or $17 per week for about eight weeks, $3,500 damages was excessive, and will be reduced to $2,000.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370, 371; Dec. Dig. § 131.*]

Appeal from Trial Term, Kings County.

Action by Julius Crantz against the Nassau Electric Railroad Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed on condition.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

D. A. Marsh, of Brooklyn, for appellant.

Rippey T. Sadler, of Brooklyn, for respondent.

PER CURIAM. The plaintiff, while driving a milk wagon southerly upon the south-bound track of the defendant in Fifth avenue, borough of Brooklyn, on the morning of August 17, 1910, was struck by one of defendant's cars coming from the rear, near Sixty-Fifth street, and sustained injuries for which the jury has awarded him a verdict of $3,500. The defendant appeals.

[1] The accident occurred at about 4:15 a. m., before the sun was up, but at a time when objects were discernible for some little distance. It appears from the evidence that the street on which the plaintiff was driving was rough and difficult to travel, and that he was making use of the defendant's tracks. Plaintiff testifies that he looked on coming upon the track where Sixtieth street crosses Fifth avenue; that he looked again at Sixty-Second street, and yet

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

again when he was between Sixty-Third and Sixty-Fourth streets; and that his wagon was struck just as he had nearly cleared the track near Sixty-Fifth street. He testifies that he had no warning of the approach of the car, and we are of the opinion that the case presented a question for the jury on the point of contributory negligence.

[2, 3] A witness called for the plaintiff testified that he was sitting near the front of the colliding car, the door being open, and that he saw, in an indistinct way, the plaintiff's wagon when it was 25 or 30 feet away, and that at some point between that time and the collision the defendant's motorman made use of all of the appliances to stop the car, but just when this was done he is unable to state; but there was evidence in the case to the effect that objects could be seen, without artificial light, at a distance of a block, and we think it was proper that the jury should determine whether the motorman had exercised the degree of care which the circumstances demanded. The plaintiff was near a street intersection, where the defendant owed the duty of having its car in reasonable control; and the situation was such as to make it peculiarly a matter to be determined by 12 men rather than the court.

[4, 5] A witness, who was engaged in loading a baker's wagon at Sixty-Ninth street at the time of the accident, was asked how far he could see. This was objected to as incompetent, irrelevant, and immaterial, on the ground that it was not at the scene of the accident, and that the conditions were not shown to be the same, and the exceptions taken are now urged against the judgment. We are unable to discover prejudicial error. The witness was testifying as to the atmospheric conditions within four blocks of the accident, and this was certainly as competent and as relevant as the testimony of the weather bureau as to the conditions prevailing at 100 Broadway, Manhattan, where the observations were taken, and which were offered in behalf of the defendant. The rules of evidence must not be refined to a point where they cease to be practical.

[6] On the question of damages we are of the opinion that the evidence does not justify the verdict of $3,500. The plaintiff had his collar bone broken, not a serious injury, and sustained various lacerations and contusions about his head and body, which confined him to the hospital from August 17th to September 12th, and which interfered with the performance of his work until October 24th, and at the time of the trial in April, 1912, he still complained of some slight difficulties which he attributed to his injuries, but there was no evidence of any permanent injury. He showed a loss of earning power of $16 or $17 per week for about 8 weeks, and if there were any other pecuniary losses they do not appear in the record, so far as we can discover. We are of opinion that $2,000 would be a liberal compensation for the damages proved in this case, and there is no justification for taking from the defendant more than the damages which the plaintiff has established.

The judgment and order appealed from should be reversed and a

new trial granted, costs to abide the event, unless the plaintiff is willing to stipulate for a reduction of the verdict to $2,000, in which event the judgment, as modified, and the order, should be affirmed, without costs.